JED S. RAKOFF, U.S.D.J.
Plaintiff moves to strike the report and testimony of defendants' expert Martin Feuerstein insofar as the report and testimony rely on prior art references and invalidity theories that defendants failed to disclose by the deadline set by this Court's scheduling order. For the reasons that follow, the motion to exclude Feuerstein's report and testimony is denied. However, defendants are precluded from filing any further supplemental disclosures on this subject. Additionally, the deadline for plaintiff's rebuttal expert report is hereby extended to February 14, 2019.
The parties' familiarity with the underlying facts and procedural history is assumed. As relevant here, the Court's initial scheduling order set a deadline of September 10, 2018 for the service of invalidity contentions pursuant to Local Patent Rule 7. See ECF No. 19 ¶ D(2.1). Defendants met that deadline, but subsequently served three supplemental invalidity contentions on October 26, 2018, January 7, 2019, and January 8, 2019. According to plaintiff, these supplemental filings included previously-undisclosed prior art references and invalidity arguments pursuant to 35 U.S.C. § 112. Pl. Ltr. Br. 1-2, ECF No. 74. Additionally, plaintiff contends that Feuerstein's expert report, served on January 14, includes yet another new § 112 argument. Id.
Local Patent Rule 7 provides that "each party opposing a claim of patent infringement must serve," at a time set by the Court, any invalidity contentions. Those contentions "must identify each item *510 of prior art that the party contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity, including any under ... 35 U.S.C. § 112." Id. Local Patent Rule 9 clarifies that "[t]he duty to supplement in Fed. R. Civ. P. 26(e) shall apply" to invalidity contentions. Rule 26(e)(1) (A) requires a party to "supplement or correct its disclosure" "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Defendants argue that their supplemental disclosures were permissible - indeed, required - by this provision.
As an initial matter, the Court agrees with defendants that plaintiff's citations to various decisions from other courts imposing a "good cause" standard for supplementing invalidity contentions are inapposite. Those cases rely on local rules which, unlike this Court's, expressly impose such a requirement.
However, while defendants need not show good cause to justify supplementation, they must still show that the supplementation was timely. "The duty to supplement arises when the [party] subsequently learns of information that was previously unknown or unavailable, and the new information renders the earlier report incomplete or inaccurate." Lewis v. FMC Corp., 786 F.Supp.2d 690, 705 (W.D.N.Y. 2011). Whether the supplemental disclosures were timely, then, depends on when defendants learned the information that rendered the previously-filed invalidity contentions incomplete. But defendants utterly fail to explain when they learned the pertinent information. In fact, defendants do not even disclose what they have learned since September 10, 2018 that has rendered their initial filing inadequate. Without knowing what the defendants learned and when they learned it, the Court cannot conclude that their supplemental infringement contentions qualify as timely under Rule 26(e).
Defendants make two arguments in favor of finding their supplemental findings to be timely, neither of which has any merit. First, defendants point out that neither fact nor expert discovery has closed and that plaintiff's rebuttal expert report is not due until February 1. Def. Ltr. Br. 4. But that speaks to prejudice, a separate question the Court will analyze below. A supplemental disclosure is not timely simply because discovery remains open. Second, defendants suggest that they are "allowed" to "develop[ ] and streamline[ ]" their theories "as the case evolves." Def. Ltr. Br. 2. But this freewheeling as-you-like-it approach to invalidity contentions is contrary to the plain text of Local Rule 7 and Fed. R. Civ. P. 26(e). "[ Rule] 26(e) does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect." Lewis, 786 F.Supp.2d at 705 (emphasis added; alteration in original) (quoting Coles v. Perry, 217 F.R.D. 1, 3 (D.D.C. 2003) ).
Accordingly, the Court finds that defendants' supplemental invalidity contentions are untimely. Nonetheless, the remedy sought by plaintiff is not appropriate. Precluding testimony is a drastic and disfavored measure. See Wechsler v. Hunt Health Systems, Ltd., 381 F.Supp.2d 135, 155 (S.D.N.Y. 2003). Moreover, the prejudice here is slight. Plaintiffs chiefly complain that (1) they were denied a full opportunity for fact discovery relevant to the newly-disclosed prior art and (2) there is insufficient time for their expert to consider the new theories and references. Pl. Ltr. Br. 4. As to the latter, the Court agrees that the current deadline of February 1 for rebuttal expert reports is too *511 short a turnaround in light of defendants' dilatory action. Accordingly, the deadline for plaintiffs to serve their rebuttal expert report is extended to February 14, 2019.
As to the former, fact discovery remains open through February 15. To the extent that plaintiffs need to conduct additional depositions or to depose any previously deposed witness relating to the subjects disclosed for the first time in January 2019, the Court hereby grants permission to do so. See Fed. R. Civ. P. 30(a) (2) (A) (i), (ii). Defendants are directed to make all reasonable efforts to make any such witnesses in their control available in time. The Court is confident that these measures are sufficient to render defendants' actions substantially harmless. See Fed. R. Civ. P. 37(c)(1).
Finally, defendants are hereby precluded from offering any further supplemental invalidity contentions. So far as their invalidity contentions are concerned, the record is closed. Moreover, defendants are precluded from supplementing Feuerstein's report except with the prior permission of the Court upon a showing of good cause.
SO ORDERED.